FILED
2026 Aug-31 PM 06:27
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION**

FILED
2026 AUG 31 A 10: 46
U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| **ANTHONY T. LEE, et al.,**<br><br>**Plaintiffs,**<br><br>**UNITED STATES OF AMERICA,**<br><br>**Plaintiff-Intervenors, and Amicus Curiae,**<br><br>**NATIONAL EDUCATION ASSOCIATION,**<br><br>**Plaintiff-Intervenor,**<br><br>**v.**<br><br>**MACON COUNTY BOARD OF EDUCATION, et al. (Franklin County Board of Education),**<br><br>**Defendants.** | **CIVIL ACTION NO. 70-251-S** |

**<u>JOINT MOTION FOR DISMISSAL WITH PREJUDICE</u>**

Plaintiff the United States of America ("the United States") and Defendant Franklin County Board of Education (collectively, the "Parties") respectfully submit this Joint Motion for Dismissal of this action with prejudice as to Defendant Franklin County Board of Education and respectfully request that the Court enter the Order appended hereto. In support, the Parties state as follows:

**Procedural History**

1. The Plaintiffs, several Alabama school children, filed the original complaint in this case in January 1963. The Defendants eventually included the State of Alabama, officials of the State, and 90 public school districts including the Franklin County Board of Education. The United States joined as a Plaintiff-intervenor on July 16, 1963. The National Education Association also joined as a Plaintiff-intervenor, although it has not been active with regard to the Franklin County Board of Education for over 30 years. The Plaintiffs alleged that Defendants operated racially dual systems of public education in violation of the Fourteenth Amendment and Title IV of the Civil Rights Act of 1964. U.S. Const. amend. XIV; 42 U.S.C. § 2000-6.

2. On March 22, 1967, the Court entered a detailed regulatory injunction requiring each school district to establish a fully desegregated school system in compliance with *Brown v. Board of Education*. 347 U.S. 483 (1954).

3. On February 21, 1975, the Court dissolved the regulatory injunction for several school districts, including the Franklin County Board of Education, and replaced it with an Order ("1975 Order"). A copy of the 1975 Order is attached as Exhibit "A." The 1975 Order states that the Franklin County Board of Education "ha[s] been operating a unitary school system for the past three years, and that all

litigation pertaining to compliance with the orders of the Court have been satisfactorily resolved." Ex. A. at 1.

4. The 1975 Order placed this case with respect to the Franklin County Board of Education (and other districts) on the Court's inactive docket. *Id.* at 3.

5. Since the 1975 Order, and for 51 years since, the Franklin County Board of Education has complied in good faith and run a desegregated school system in accordance with paragraph 2(a-e) of the 1975 Order. Because of that, no further litigation has occurred between the Plaintiffs, the Plaintiff-intervenor United States, or any other Party to this case and the Franklin County Board of Education and no further proceedings under paragraph 3 of the consent order have been necessary.

6. Since the entry of the 1975 Order, the United States has maintained an active position in this case, periodically reviewing the Franklin County Board of Education for compliance with the 1975 Order.

7. Other than the United States, the other Plaintiffs abandoned this case as it pertains to the Franklin County Board of Education decades ago. The individual student Plaintiffs from the original 1963 case have long since graduated, and no motion for substitution of parties was filed under Federal Rules of Civil Procedure Rule 25(c) with respect to the Plaintiffs' complaints against the Franklin

County Board of Education. The United States is unaware of any contact between the original Plaintiffs' counsel and the Franklin County Board of Education.

8. Plaintiff-intervenor National Education Association is a teachers' union, but it did not ever have any bargaining units at Franklin County Schools. It has not made any filings in this case or made any contact with the Franklin County Board of Education about this case in decades.

**Motion to Dismiss**

9. Table 1, below, shows the racial breakdown of students in Franklin County Schools for the 1968-1969 school year before the United States' desegregation efforts were fully implemented, approximated to the nearest percent:

| School | Grades | Black Students | White Students |
|---|---|---|---|
| Belgreen High School | 1-12 | 0 | 100% |
| Hodges Junior High | 1-9 | 0 | 100% |
| Mountain Star Junior High | 1-9 | 0 | 100% |
| Phil Campbell | 1-12 | 0 | 100% |
| Red Bay | 1-12 | 2% | 98% |
| Rockwood Junior High | 1-9 | 1% | 99% |
| Tharptown Junior High | 1-9 | 0 | 100% |
| Union Junior High | 1-9 | 0 | 100% |
| Waco Elementary | 1-6 | 1% | 99% |
| Vina High School | 12 | 0 | 100% |
| **District-wide Total:** | | **1%** | **99%** |

10. During segregation, most black students in Franklin County attended the Reedtown school, which was part of the Russellville City School District. Reedtown graduated its final high school class in 1968 and closed in 1972.

11. Table 2, below, shows the racial breakdown of students in Franklin County Schools in the 2025-2026 school year, approximated to the nearest percentage[1]:

| School | Grades | Black | White[2] | Other |
|---|---|---|---|---|
| Phil Campbell Elementary School | PK-6 | <1% | 97% | 2% |
| Red Bay Elementary School | PK-6 | 2% | 97% | 1% |
| Tharptown Elementary School | PK-6 | 2% | 94% | 4% |
| East Franklin Junior High School | PK-9 | <1% | 97% | 2% |
| Belgreen High School | PK-12 | 2% | 94% | 4% |
| Vina High School | PK-12 | 0% | 99% | 1% |
| Red Bay High School | 7-12 | 2% | 95% | 3% |
| Phil Campbell High School | 7-12 | 1% | 97% | 2% |
| Tharptown High School | 7-12 | 2% | 94% | 4% |
| **District-wide Total:** | | **2%** | **96%** | **2%** |

[1] Niche, *Franklin County Schools*, https://www.niche.com/k12/d/franklin-county-schools-al/ (last visited May 13, 2026). Niche sources its data primarily from U.S. Department of Education, the National Center for Education Statistics (NCES).

[2] This includes Hispanic students.

12. As clearly shown in Table 2, the Franklin County Board of Education is running a fully desegregated system. Student assignment at each school corresponds to the racial make-up of the District-wide population.

13. The United States has sent Franklin County Board of Education periodic and thorough information requests over the past 51 years, including sending a request for information in 2022 and conducting a site visit in 2024. Based on a comprehensive review of the information provided by the District to the United States, the United States concludes that the District has consistently maintained its desegregated school system in accordance with this Court's 1975 Order. This is true with respect to each of the Green factors: (1) student assignment, including school assignment, student transfers and classroom assignment; (2) faculty and staff; (3) transportation; (4) facilities; and (5) extracurricular activities. The District has also been fully cooperative with the United States, which the United States appreciates. The United States' information requests have been intrusive and have created administrative burdens for the District.

14. Based on the analysis above regarding student racial composition and other analyses by the United States of student assignment; faculty and staff; transportation; facilities and extracurricular activities, the continuous good faith efforts of Franklin County Board of Education, and the long period of oversight,

the United States concludes, and Franklin County Board of Education agrees, that desegregation has been achieved and compliance with the 1975 Order has been maintained.

15. "From the very first, federal supervision of local school systems was intended as a temporary measure to remedy past discrimination." *Bd. of Educ. of Oklahoma City Pub. Schools v. Dowell*, 498 U.S. 237, 247 (1991). This is the case partly because "[n]o single tradition in public education is more deeply rooted than local control over the operation of schools[,]" *Milliken v. Bradley*, 418 U.S. 717, 741 (1974), and also because it was never the purpose of the federal courts' desegregation jurisprudence to "condemn a school district, once governed by a board which intentionally discriminated, to judicial tutelage for the indefinite future." *Dowell*, 498 U.S. at 249.

16. When local school authorities have fully desegregated schools and demonstrated compliance with federal desegregation orders for an extended period, the court must return control over the school system to the local school authorities. *Id.*; *Lee v. Talladega Cnty. Bd. of Educ.*, 963 F.2d 1426, 1430 (11th Cir. 1992).

17. Wherefore, the Parties jointly request this Court dissolve all remaining injunctions against the Defendants and dismiss this case with prejudice.

Respectfully submitted,

FOR DEFENDANT
FRANKLIN COUNTY BOARD OF EDUCATION

By: s/ Daniel G. McDowell

Daniel G. McDowell
McDowell & Beason P.C.
P.O. Box 818
Russellville, AL 35653
(256) 322-1660
Email: danny@mbandhlaw.com

STEVE MARSHALL
ATTORNEY GENERAL

KATHERINE G. ROBERTSON
CHIEF COUNSEL TO THE ATTORNEY GENERAL

A. BARRETT BOWDRE
SOLICITOR GENERAL

ROBERT M. OVERING
PRINCIPAL DEPUTY SOLICITOR GENERAL

State of Alabama
Office of the Attorney General
501 Washington Avenue
Montgomery, AL 36104
(334) 242-7300
Katherine.Robertson@AlabamaAG.gov

FOR PLAINTIFF
UNITED STATES OF AMERICA

HARMEET K. DHILLON
ASSISTANT ATTORNEY GENERAL
CIVIL RIGHTS DIVISION
U.S. DEPARTMENT OF JUSTICE

By: s/ Benjamin H. Ogilvie
BENJAMIN H. OGILVIE
District of Columbia Bar No. 90039742
Counsel
PETER M. FEAMAN
Senior Counsel
Florida Bar No. 260347
Educational Opportunities Section
Civil Rights Division
United States Department of Justice
950 Pennsylvania Ave NW
Washington, DC 20530
(202) 322-8375
benjamin.ogilvie@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that, on August 28, 2026, the foregoing was electronically submitted to the Clerk of the Court. I further certify that on August 28, 2026, I electronically served the foregoing upon counsel of record below for Franklin County Board of Education:

Daniel G. McDowell
McDowell & Beason P.C.
P.O. Box 818
Russellville, AL 35653
(256) 322-1660
danny@mbandhlaw.com

State of Alabama
Office of the Attorney General
501 Washington Avenue
Montgomery, AL 36104
(334) 242-7300
Katherine.Robertson@AlabamaAG.gov

By: *s/ Benjamin H. Ogilvie*
Benjamin H. Ogilvie

Logged 3/3/75

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ALABAMA

Southern
~~EASTERN~~ DIVISION

| | | |
|---|---|---|
| ANTHONY T. LEE, et al.,<br>Plaintiffs,<br>UNITED STATES OF AMERICA,<br>Plaintiff-Intervenors, and Amicus Curiae,<br>NATIONAL EDUCATION ASSOCIATION,<br>Plaintiff-Intervenors,<br>v.<br>MACON COUNTY BOARD OF EDUCATION et al.,<br>Defendants. | ) | CIVIL ACTION NO. 70-251-S<br><br>FILED IN CLERK'S OFFICE NORTHERN DISTRICT OF ALABAMA<br>FEB 21 1975<br>WILLIAM E. DAVIS<br>CLERK, U. S. DISTRICT COURT<br>BY: DEPUTY CLERK<br><br>ORDER |

It having been shown to the satisfaction of this Court that certain defendant school systems have been operating a unitary school system for the past three years, and that all litigation pertaining to compliance with the orders of the Court have been satisfactorily resolved, this Court, deeming it proper so to do, HEREBY ORDERS, ADJUDGES AND DECREES that:

1. The detailed regulatory injunctions issued by this Court and by the United States District Court for the Middle District of Alabama as against the following school systems, the individual board members and the superintendents thereof, are dissolved

Carbon Hill City
Fayette County
Franklin County
Lamar County
Marion County
Muscle Shoals City
Russellville City
Tuscumbia City
Winston County
Winfield City

RECEIVED
FEB
U.S. ...

and the permanent injunction in paragraph 2, below substituted.

2. The above-named defendant school district, the individual board members and the superintendents thereof, are permanently enjoined from operating a dual system of racially identifiable schools. In addition, operation of the above-named defendant school districts shall be subject to the following provisions:

a. Defendants shall take no action which tends to segregate or otherwise discriminate against students or faculty by or within school on the basis of race, color, or national origin.

b. Staff members who work directly with children, and professional staff who work on the administrative level will be hired, assigned, promoted, paid, demoted, dismissed, and otherwise treated without regard to race, color, or national origin.

c. Bus routes and the assignment of students to buses will be designed to ensure the transportation of all eligible pupils on a nonsegregated and otherwise nondiscriminatory basis.

d. All school construction, school consolidation and site selection (including the location of any temporary classrooms) in the system shall be done in a manner which will prevent the reoccurrence of the dual school structure.

e. If the school district grants transfers to students living in the district for their attendance at public schools outside the district, or if it permits transfers into the district of students who live outside the district, it shall do so on a nondiscriminatory basis, except that it shall not consent to transfers where the cumulative effect will reduce desegregation in either district.

3. The actions pertaining to the above-named districts are hereby placed on the inactive docket of this Court subject to being re-activated on proper application by any party, or on the Court's motion, should it appear that further proceedings are necessary.

The provisions of previous orders in this case as they relate to other defendants not named in paragraph 1, above, remain in full force and effect and are in no way affected by this order.

DONE this 9th day of February, 1975.

[signature]

UNITED STATES DISTRICT JUDGE

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**NORTHWESTERN DIVISION**

| | |
|---|---|
| **ANTHONY T. LEE, et al.,**<br><br>**Plaintiffs,**<br><br>**UNITED STATES OF AMERICA,**<br><br>**Plaintiff-Intervenors, and Amicus Curiae,**<br><br>**NATIONAL EDUCATION ASSOCIATION,**<br><br>**Plaintiff-Intervenor,**<br><br>**v.**<br><br>**MACON COUNTY BOARD OF EDUCATION, et al. (Franklin County Board of Education),**<br><br>**Defendants.** | **CIVIL ACTION NO. 70-251-S** |

**ORDER DISMISSING CASE WITH PREJUDICE**

This Court has considered Plaintiff, the United States of America, and Defendant, Franklin County Schools' joint Motion to Dismiss with Prejudice filed on August 28, 2026.

Accordingly, it is hereby ORDERED and ADJUDGED that:

1. The Motion to Dismiss with Prejudice is GRANTED.

2. The Court has determined that Franklin County Schools has achieved unitary status.

3. The Court's jurisdiction over this matter is terminated, and the case is hereby DISMISSED WITH PREJUDICE as to the Defendant, Franklin County Schools.

4. All prior injunctions and orders entered in this case are DISSOLVED.

5. The Clerk shall enter judgment stating, "This case is DISMISSED with prejudice as to Franklin County Schools," and close the file.

SO ORDERED on ____________________.

______________________________
United States District Judge

JS 44 (Rev. 03/24)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
ANTHONY T. LEE ET AL
UNITED STATES OF AMERICA

**(b)** County of Residence of First Listed Plaintiff ____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
BENJAMIN H. OGILVIE
950 PENNSYLVANIA AVENUE NW
WASHINGTON, DC 20530

**DEFENDANTS**
MACON COUNTY BOARD OF EDUCATION ET AL
(FRANKLIN COUNTY SCHOOLS)

County of Residence of First Listed Defendant FRANKLIN
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
DANIEL G. MCDOWELL
MCDOWELL & BEASON P.C.
P.O. BOX 818

FILED
2026 AUG 31 A 9:17
U.S. DISTRICT COURT
N.D. OF ALABAMA

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- [X] 1 U.S. Government Plaintiff
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)* — Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [X] 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

Other:
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

**V. ORIGIN** *(Place an "X" in One Box Only)*

- [ ] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [X] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing ***(Do not cite jurisdictional statutes unless diversity)***:
42 U.S.C. § 21
Brief description of cause:
School desegregation

**VII. REQUESTED IN COMPLAINT:**
[ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
**DEMAND $**
CHECK YES only if demanded in complaint:
**JURY DEMAND:** [ ] Yes [X] No

**VIII. RELATED CASE(S) IF ANY** *(See instructions):*
JUDGE Madeline Hughes Haikala DOCKET NUMBER 2:17-mc-00680-MHH

DATE
August 28, 2026

SIGNATURE OF ATTORNEY OF RECORD
Benjamin H. Ogilvie

**FOR OFFICE USE ONLY**

RECEIPT # ____ AMOUNT ____ APPLYING IFP ____ JUDGE ____ MAG. JUDGE ____